UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HAMM, SUSAN TATY HAMM,<br>Plaintiffs,<br>v.<br>FCA US LLC,<br>Defendant. | Case No.: 3:17-cv-0577-AJB-BGS<br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br>**(Doc. No. 97)** |

Before the Court is Plaintiffs' motion for attorney's fees. (Doc. No. 97.) For the reasons stated herein, the Court **GRANTS IN PART** the motion with a reduction of fees and costs as stated below.

## I. BACKGROUND

Plaintiffs Alan Hamm and Susan Taty purchased a new 2012 Dodge Durango on April 30, 2012. Plaintiffs contended that the Durango qualified for repurchase under the Song-Beverly Consumer Warranty Act because, they alleged, the Durango had a defect that substantially impaired the use, value or safety of the vehicle. They further contended that the FCA US or its authorized dealership failed to repair the defect within a reasonable number of repair attempts. Plaintiffs sought repurchase of their Durango. In addition, they contended that FCA willfully failed to repurchase the Durango once it qualified for repurchase and they seek a civil penalty based upon that willful failure to repurchase their

1

vehicle

Defendant FCA US argued that its dealerships repaired each mechanical complaint that the Plaintiffs brought to the attention of the dealership within a reasonable number of repair attempts. FCA US asserted that it promptly offered to repurchase Plaintiffs' Dodge Durango and no civil penalty was warranted. FCA US contended that there was no known defect in the TIPM in Plaintiffs' Dodge Durango and that when FCA US discovered that the fuel pump relays in TIPMs were prematurely wearing, the company conducted an investigation and then conducted a nationwide recall to replace the fuel pump relays. All owners of the potentially affected vehicles were notified of that recall.

The case settled on November 27, 2018. (Doc. No. 94.) Plaintiffs filed their motion for attorneys' fees and bill of costs in January 2019. (Docs. No. 96, 97.)

## II. LEGAL STANDARDS

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.' *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution

of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America, LLC*, 4 Cal. App. 5th 462, 470 (2016) (same).

If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th at 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

### III. DISCUSSION

As prevailing buyers, Plaintiffs are entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiffs seek: (1) an award of attorneys' fees under Cal. Civ. Code § 1794(d) under the lodestar method for $46,382.50; (2) for a lodestar modifier of .5 under California law for $36,677.50; and (3) actual costs and expenses for $26,238.10. (Doc. No. 97-1 at 7.) Thus, Plaintiffs seek a total award of $136,270.60. (*Id.*) Defendant acknowledges, Plaintiffs are entitled to recover attorney's fees, costs but argues the amount requested is unreasonable. (Doc. No. 97-1 at 5–7.)

**A. Fee Request**

Plaintiffs seek $25,650.00 for work completed by Knight Law Group and $47,705.00 for work completed by Wirtz Law. (Doc. No. 97-1 at 13.) This totals $73,354.00.

### *1. Hours Worked by Counsel*

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 ("inefficient or duplicative efforts [are] not subject to compensation").

The billing records Knight Law Group submitted indicate the attorneys expended 63.90 billable hours through the settlement. (Doc. No. 97-2 at 32.) Defendant objects to the reported hours arguing there was duplication by Wirtz Law, as well as other excessive rates or time billed. (Doc. No. 101 at 11–12.) Defendant lists 16 examples where billing entries were duplicated.

These include billing: (1) three entries totaling 3.3 hours reviewing pretrial disclosures; (2) two entries for .4 hours reviewing Rule 68 offer; (3) four entries totaling 2.2 hours for two people to attend the pretrial conference and then review results; (4) two entries for 4.3 hours to travel to a deposition and review a notice of deposition; (5) three entries for .7 hours to review objections to Court's proposed jury questionnaire; and (6) three entries for .9 hours to attend a telephonic status conference by two people and review

4

the results by a third person. (*Id.*)

The Court agrees with Defendants that these entries are duplicative and unreasonable. Accordingly, the Court reduces the billable hours, as stated below.

Defendants also argue that Plaintiffs should not recover amounts it took for the second—allegedly unnecessary—law firm to come to speed in reviewing the case. (*Id.* at 12.) This includes billings for: (1) $1,552.50 for Wirtz Law to familiarize itself; and (2) $275 for review and audit billing. (*Id.*) The Court agrees these fees are also excessive and redundant and thus reduces the award by $1,827.50.

Next, Defendants assert FCA should not have to pay $937.50 for Wirtz to attend an ENE which had been reschedule because the miscommunication regarding the ENE's date was their own fault. (*Id.*) According to Mikhov's declaration, the error was because the case was transferred the day before the ENE and they did not receive prior notice of the schedule change. (Doc. No. 97-2 ¶ 12.) While the docket notes both a minute order of transfer and an amended notice and order were docketed the day before the ENE rescheduling the ENE, it appears Amy-Lyn Morse, the only attorney receiving notice at that time, was not electronically registered and had to be noticed conventionally. Thus, it is reasonable they did not receive notice the day of.

Finally, the Court notes clerical tasks cannot be recovered. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). This includes billings done for printing and assembling binders and reviewing and saving emails. Accordingly, Rebecca Evans' hours will be reduced as follows: 0.10 hours for receiving, reviewing, and saving an email on 11/20/2018, and 3.70 hours for printing and assembling binders on 11/26/2018.

### 2. *Hourly Rates*

Defendants argue the hourly rates of the attorneys at both firms are high. (Doc. No. 101 at 13.) However, in Steve Mikhov's declaration, he provides a basis for his and his associates' pay. (Doc. No. 97-2 at 8–9.) The Court finds most of the attorney's hourly rates reasonable with the following exceptions. First, in a recent order in another FCA case this Court just published, Alastair Hamblin charged $325 per hour. (*Johnson v. FCA*, Case No.

17-cv-536.) Yet, here, without any explanation for the increase, bills at $375.00 per hour. The Court sets his billing at the lower amount, $325.00, which it previously found reasonable.

The attorney rates for Wirtz Law are unnecessarily high. Richard Wirtz seeks to charge $575 per hour, however, the Court finds that excessive and reduces it to $550. Amy Smith was barred in 2012 and requests $375 per hour. (*Id.* ¶ 5.) However, other attorneys with her knowledge and years in the area charge less, thus the Court reduces her fee to $350. For similar reasons, the Court reduces Jessica Underwood's fee from $350 to $325. (*Id.* ¶ 7.) Finally, four paralegals are seeking to bill at $175 per hour, which the Court finds excessive. (*Id.* ¶¶ 9–12.) The Court reduces their billings amounts to $75.00 per hour.

### 3. *Lodestar Calculation*

The lodestar method calculates attorney fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida*, 915 F.2d at 545 n.3 (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Steve Mikhov | 8.90 | $550 | $4,895.00 |
| | Alastair Hamblin | 3.80 | $325 | $1,235.00 |
| | Amy Morse | 14.60 | $350 | $5,110.00 |
| | Kristina Stephenson-Cheang | 5.20 | $375 | $1,950.00 |
| | Kirk Donnelly | 11.40 | $400 | $4,560.00 |
| | Raymond Areshenko | 7.80 | $300 | $2,340.00 |
| | Russell Higgins | 11.50 | $450 | $5,175.00 |
| | | | | |
| **Wirtz Law** | Richard Wirtz | 25.20 | $550 | $13,860.00 |
| | Amy Smith | 21.00 | $350 | $ 7,350.00 |
| | Jessica Underwood | 22.90 | $300 | $ 6,870.00 |
| | Lauren Veggian | 4.20 | $325 | $ 1,365.00 |
| | Erin Barns | 18.00 | $350 | $ 6,300.00 |
| | Rebecca Evans | 13.10 | $75 | $    982.50 |

| | Samuel Albert | 2.00 | $75 | $ 150.00 |
| --- | --- | --- | --- | --- |
| | Denali Wixsom | 3.00 | $75 | $ 225.00 |
| | Andrea Munoz | 0.60 | $75 | $ 45.00 |
| | | | | |
| **TOTAL** | | | | **$62,412.50** |

Here, with the Lodestar hourly adjustments and the previous billing reductions, brings Plaintiffs' attorney fees total to: $62,412.50.

From this number, the Court reduces the fee for Plaintiffs' motions in limine practice. The Court finds the amount of hours billed excessive because the motions in limine were unclear and confusing. Accordingly, of the 23 hours billed at a total of $7,172.50, the Court reduces that amount by 50%, for a new total of $3,586.25.

This reduces the Lodestar amount to: **$58,826.25.**

### *4.* *Application of a Multiplier*

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award").

Significantly, however, this case did not present novel or difficult questions of law or fact. Indeed, the issues related to the TIPM were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading").

Defendants observe that the case was not novel, not difficult, and that no special skill was required to handle the case. (Doc. No. 59 at 15–16.) Plaintiffs contend to the contrary, arguing that 12 attorneys expended and around 150 hours of work was necessary. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, particularly in this action where the disputed facts and issues to be resolved were minimal. Accordingly, the Court finds the lodestar amount of **$58,826.25** is reasonable and declines to award a multiplier.

### B. Costs to be Awarded

Plaintiffs request costs in the amount of $26,238.10. (Doc. No. 96 at 1.) In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)). This is because "federal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Thus, federal procedural law governs a request for an award of costs.

Rule 54 of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "creates a presumption in favor of awarding costs to the prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce*, 342 F.3d at 1022. "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). For example, costs may be declined in light of "a losing party's limited financial resources" or where there has been "misconduct by the prevailing party." *Champion Produce*, 342 F.3d at 1022.

The Supreme Court explained that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).

Costs that may be taxed under 28 U.S.C. § 1920 include:

    (1) Fees of the clerk and marshal;

    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3) Fees and disbursements for printing and witnesses;

    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Generally, the court may not award costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006). Thus, "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citing 10 Wright & Miller § 2666, at 203).

### 1. *Expert Witness Fees*

Plaintiffs seek $23,058.75 in expert witness fees. (Doc. No. 96 at 3.) Plaintiffs assert such costs are appropriate under state law, noting: "Under the Song–Beverly Act, a prevailing buyer shall be allowed to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses." (Doc. No. 97-1 at 22 (emphasis in original).)

Significantly, the Ninth Circuit determined a court must apply federal law to a request for costs in a diversity action. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160 (9th Cir. 1995). The Court in Aceves awarded the prevailing party costs, including expert witness fees, under section 998(c) of the California Code of Civil Procedure. *Id.*, 68 F.3d at 1167. The Ninth Circuit determined the district court erred in applying California law because "reimbursement of witness fees is an issue of trial procedure" and in a diversity action, "federal law controls the procedure by which the district court oversaw the

litigation." *Id.*, citing *Hanna v. Plumer*, 380 U.S. 460, 463 (1965). Accordingly, here, the Court must apply federal law to determine whether Plaintiffs are entitled to recover expert fees as costs.

Under Section 1920, only compensation for "court appointed experts" and witness fees are permitted. See 28 U.S.C. § 1920. Neither of Plaintiffs' witnesses were appointed by the Court. As such, Plaintiffs are not entitled to recover the expert fees under Section 1920. On the other hand, 28 U.S.C. § 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance," including testimony at a deposition. Thus, a prevailing party may be awarded the witness fee under Section 1821 for an expert who testifies at a deposition. *See Ruff v. County of Kings*, 700 F. Supp. 2d 1245, 1247–48 (E.D. Cal. 2010). Consequently, Plaintiffs are entitled to $80 in costs for Luna's and Barnett's depositions.

The Court finds no issue with the rest of Plaintiffs' costs. After reductions, the total Costs awarded is: **$3,259.35** in costs under federal law, as provided under 28 U.S.C. §§ 1821 and 1920.

## V. CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiffs' motion for fees is **GRANTED** in the modified amount of **$58,826.25**; and
2. Plaintiffs' motion for costs is **GRANTED** in the amount of **$3,259.35**.

**IT IS SO ORDERED.**

Dated: August 16, 2019

Hon. Anthony J. Battaglia
United States District Judge

10

3:17-cv-0577-AJB-BGS